U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 2 2010

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:09-CV-537-A |
| | § | (NO. 4:08-CR-034-A) |
| | § | |
| KIM RENEE YOUNG | § | |

MEMORANDUM OPINION
and
ORDER

        Came on to be considered the motion of movant, Kim Renee
Young ("Young"), pursuant to 28 U.S.C. § 2255 to vacate, set
aside, or correct sentence.  Having reviewed the motion, the
government's response, Young's reply, the record, and the
applicable legal authorities, the court concludes that the motion
should be denied.

I.

Background

        On March 28, 2008, Young pleaded guilty to one count of bank
fraud in violation of 18 U.S.C. § 1344.  Sentencing proceedings
began on July 11, 2008, but were continued until July 18, 2008,
at which time the court sentenced Young to sixty-four months'
imprisonment, followed by a five-year term of supervised release
and restitution in the amount of $568,356.11.  Young appealed her
sentence, and on June 16, 2009, the Fifth Circuit affirmed her
conviction and sentence.  United States v. Young, 333 F. App'x
837 (5th Cir. June 16, 2009).  Young timely filed the instant
motion.

II.

## Grounds of the Motion

In her motion Young asserts that: (1) she was denied effective assistance of counsel; (2) she voluntarily ceased criminal conduct prior to discovery and cooperated with the Federal Bureau of Investigation when they later investigated the crime; (3) the sentence imposed amounted to cruel and unusual punishment because it was greater than necessary to comply with purposes of sentencing; and (4) the sentence imposed was "greater than necessary" or "too draconian." Mot. at 5. For the reasons stated herein, all of Young's assertions are insufficient to grant her motion.

III.

## Applicable Standards

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). Section 2255 does not offer recourse to all who suffer trial errors. Rather, it is reserved for errors of constitutional or jurisdictional magnitude and for errors that could not have been raised on direct appeal and, if allowed to stand, would result in a complete miscarriage of justice. United States v. Smith, 844 F.2d 203, 205-06 (5th Cir. 1988).

IV.

<u>Analysis</u>

The government contends that Young is barred from raising her claims that she ceased her criminal activity prior to its discovery, and that the sentence imposed amounted to cruel and unusual punishment and was "too draconian" because it was greater than necessary to comply with purposes of sentencing, because she failed to raise those claims in the trial court or on direct appeal. "A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default and 'actual prejudice' resulting from the error." <u>Shaid</u>, 937 F.2d at 232 (internal citations omitted).

The cause-and-prejudice standard requires a movant to show both that an objective factor external to the defense prevented him from raising the issue on appeal and that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Frady</u>, 456 U.S. at 170; <u>see</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991). A failure to show either prong forecloses collateral relief. <u>Frady</u>, 465 U.S. at 168. Only after a movant has satisfied both the cause and prejudice prongs can a reviewing court proceed to a determination of the merits of movant's claims. <u>United States v. Bondurant</u>, 689 F.2d 1246, 1250 (5th Cir. 1982).

3

The only issue raised by Young on appeal was whether "the
district court err[ed] in denying the downward adjustment
because, as a matter of fact and law, Young complied with the
guideline" regarding acceptance of responsibility.  Appellant's
Br. at 8.  Here, Young does not allege or attempt to show either
cause or prejudice for her failure to raise these grounds on
appeal, nor does she provide any objective factors external to
the defense to explain that failure.  Young has provided no
explanation for her procedural default.  Accordingly, these
claims may not be raised for the first time in her motion.  See
Shaid, 937 F.2d at 232.

To the extent Young contends the court misapplied the
sentencing guidelines, that claim is not cognizable on collateral
review.  United States v. Williamson, 183 F.3d 458, 462 (5th Cir.
1999).  Further, to the extent Young claims the sentence she
received in this case was unreasonable, the court at sentencing
concluded that the guideline range of imprisonment was fifty-
seven to seventy-one months.  Sent. Tr. at 40.  Young's sentence,
at sixty-four months, was within the guideline range and thus was
presumptively reasonable.  See United States v. Mares, 402 F.3d
511, 519 (5th Cir. 2005).  Young has offered nothing to
demonstrate otherwise.

Young's final claim is one of ineffective assistance of
counsel.  To prevail on her ineffective assistance of counsel
claim, Young must show that (1) her attorney's performance fell
below an objective standard of reasonableness and (2) there is a

4

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000). In the context of a guilty plea Young, in order to prove prejudice, "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To prove that she was prejudiced by a sentencing error, Young must show that there is a reasonably probability that, but for counsel's error, she would have received a lower sentence. United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). Judicial scrutiny of this type of claim must be highly deferential, and Young must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Young claims that her attorney was ineffective because, after he allegedly advised her that nothing she said in the proffer meeting could be used against her, she informed the FBI agent about her former employer's involvement in her offense, and the FBI agent subsequently informed the probation officer. Young contends that although the Presentence Report recommended a

5

downward departure, the court rejected this recommendation at sentencing.  Young attributes the court's rejection of the downward departure to the FBI agent telling the probation officer about her statements concerning her employer's alleged involvement with her offense.

Nothing in the record supports Young's claim.  At the initial sentencing hearing on July 11, 2008, Young informed the court about her employer's alleged involvement.  Before ordering a continuance of the hearing the court advised Young that if her account of events was untrue it would raise a question concerning whether she should receive a reduction for acceptance of responsibility.  July 11, 2008, Sent. Tr. at 6.  At sentencing on July 18, 2008, the court heard extensive testimony from Young's former employer and the FBI agent who investigated her claims. Young's counsel also argued at length concerning her truthfulness in general and regarding her offense in particular.  The court ultimately was not persuaded that Young had accepted responsibility and disapproved of anything in the Presentence Report recommending otherwise, and declined to grant her a downward departure on that basis.  Thus, Young's own representations to the court at sentencing, rather than anything she may have said during proffer, resulted in the loss of a downward departure for acceptance of responsibility.  Under these circumstances, Young has failed to demonstrate that counsel's performance fell below a constitutionally deficient standard. Roe v. Flores-Ortega, 528 U.S. 470 (2000).

6

V.

ORDER

Therefore,

For the reasons discussed herein,

The court ORDERS that the motion of Young to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

The court further ORDERS that Young's motion to appoint counsel be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as Young has not made a substantial showing of the denial of a constitutional right.

SIGNED February 2, 2010.

JOHN McBRYDE
United States District Judge

7